UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-20740-MCALILEY

FRANCENIA THOMPSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

# ORDER GRANTING DEFENDANT'S
# OMNIBUS MOTION *IN LIMINE* REGARDING MEDICAL EXPENSES

The Court has before it Defendant's Omnibus Motion *in Limine* Regarding Medical Expenses, (ECF No. 80), to which Plaintiff responded, (ECF No. 82). Plaintiff wants to introduce, as evidence at trial, the full bills of her medical expenses, even when insurance discounts or other write-offs later reduced those bills. Defendant asks the Court to preclude Plaintiff from doing so: it argues that Plaintiff may only "request damages relating to the actual amount of her medical bills paid and accepted" because, otherwise, Plaintiff would receive an improper windfall. (ECF No. 80 at 1, 3). Plaintiff responds that the collateral-source rule under maritime law prevents Defendant from introducing evidence of insurance discounts and other write-offs. (ECF No. 82).

The collateral-source rule "generally denies to a tortfeasor a reduction in its liability by any amounts the plaintiff received from a source collateral to, or independent of, the

tortfeasor. The substantive rule of no reduction carries with it an evidentiary rule requiring the exclusion of evidence of any collateral benefits." *Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 929 (5th Cir. 1992) (citation omitted). There is, however, no binding authority on this Court that applies the maritime collateral-source rule to discounted or written-off medical expenses. The Eleventh Circuit has not addressed the issue, and judges in this District have split on the question.

Both parties rely on cases that support their positions. Plaintiff cites *Milbrath v. NCL Bahamas, Ltd.*, No. 1:17-CV-22071, 2018 WL 2036081 (S.D. Fla. Feb. 28, 2018), and similar decisions, which have relied upon the collateral-source rule to permit plaintiffs to present evidence of their full medical bills. In *Milbrath*, the Court recognized that the collateral-source rule would give the plaintiff a windfall but reasoned that the policy underlying the rule supported the windfall. *Id.* at *5. In short, the Court reasoned, the wrongdoer should not get the benefit of plaintiff's foresight in securing insurance. *Id.*

Defendant relies upon *Gharfeh v. Carnival Corp.*, No. 17-20499-CIV, 2019 WL 186864 (S.D. Fla. Jan. 14, 2019), and similar decisions, which have found that "[a] discount or write-off does not implicate the collateral source rule in the way the rule was intended to apply," and have precluded plaintiffs from introducing evidence of all their medical bills while ignoring discounts and write-offs. *Id.* at *7. In *Gharfeh*, the Court further reasoned that "prohibiting evidence of the discount or write-off gives the jury a skewed view of the financial reality surrounding the medical bills." *Id.* This view appears to represent the majority position in this District. *See, e.g., Morrison v. Royal Caribbean Cruises, Ltd.*, No. 19-21220-CIV, 2019 WL 4805717, at *2 (S.D. Fla. Oct. 1, 2019) (collecting cases).

The cases on both sides employ sound rationales. The Court, however, finds the majority view to be the better-reasoned. The Court thus joins those cases which find that applying the collateral-source rule to allow Plaintiff to put forth evidence of her full medical bills, while ignoring discounts and write-offs, would stretch the collateral-source rule beyond its intended purpose, give the jury an inaccurate picture of Plaintiff's damages, and may result in an improper windfall for Plaintiff. "The jury needs to be advised of the discounts or write-offs in order to make a fair assessment of reasonable medical expenses." *Gharfeh*, 2019 WL 186864, at *8.

As such, the Court **GRANTS** Defendant's Omnibus Motion *in Limine* Regarding Medical Expenses. (ECF No. 80). As evidence of her out-of-pocket medical expenses, Plaintiff may introduce medical bills that reflect amounts she actually paid or is obliged to pay.

**DONE and ORDERED** in chambers at Miami, Florida this 12th day of November 2019.

                                                                CHRIS McALILEY
                                                                UNITED STATES MAGISTRATE JUDGE